# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EVA JOHNSON, :

              Plaintiff,

-vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

              Defendant. :

Case No. 3:08-cv-199

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. 14). The parties have fully briefed the issues, (*Id.,* Doc. 15), and the matter is ripe for Report and Recommendations.

Plaintiff has moved, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), for an award of attorney fees in the amount of $2,640.00 and costs in the amount of $350.00 for a total award of $2,990.00.

An award of fees may be made under the EAJA in a social security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). The EAJA provides in relevant part:

> **§ 2412. Costs and fees**
> ...
> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial

> review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> **(B)** A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses ... .
>
> **(C)**...
> **(2)** For the purposes of this subsection–
> **(A)** "fees and other expenses" includes ... reasonable attorney fees ....

28 U.S.C. §2412.

Thus, in addition to filing a timely application, there are three conditions that must be met in order to recover fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *Willis v. Sullivan,* 931 F.2d 390, 399 (6th Cir. 1991).

For purposes of the EAJA, the term "final judgment" refers to judgments entered by a court of law and does not encompass decisions rendered by an administrative agency. *Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991). With respect to Social Security cases, when the time for seeking appellate review has run, a sentence four judgment fits squarely within the term "final judgment" as used in the EAJA. *Shalala v. Schaefer,* 509 U.S. 292, 298 (1993), *citing, Melkonyan,* 501 U.S. at 102.

Prevailing party status is obtained if the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit sought in bringing suit and obtaining a sentence four judgment reversing the Commissioner's denial of benefits certainly meets this description. *Schaefer,* 509 U.S. at 302 (citation omitted). In other words, a sentence four remand

is a judgment for the plaintiff and a party who wins a sentence four remand order is a prevailing party. *Id.* (citation omitted).

In the context of the EAJA, "substantially justified" has been interpreted as "justified to a degree that could satisfy a reasonable person." *Damron v. Commissioner of Social Security,* 104 F.3d 853, 855 (6th Cir. 1997), *citing, Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The government's position may have been substantially justified even though it was subsequently rejected on judicial review. *See, United States v. Real Property Located at 2323 Charms Rd.,* 946 F.2d 437, 440 (6th Cir. 1991). The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee". 28 U.S.C. §2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir. 1992). In addition, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. §2412(d)(2)(A).

The Consumer Price Index (CPI) is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March, 1996, when the statutory cap of $125.00 was set. The most recent annual CPI All Items Index average, set in December,

2008, was 215.303. See, www.bls.gov/cpi. The common ratio of change, then, is 1.38 (215.303 divided by 155.7 rounded to the nearest hundredth). Applying this cost of living increase to the $125.00 per hour statutory cap results in a current hourly rate of $172.50 ($125.00 x 1.38).

As noted above, Plaintiff seeks an award of $2,640.00 in fees and $350.00 in costs. Plaintiff's counsel's affidavit indicates that there were 16.50 hours sent representing Plaintiff in this matter. Additionally, the $350.00 in costs represents the filing fee.

The Commissioner's only argument in opposition to Plaintiff's Motion is that his position in this litigation was "substantially justified" and therefore Plaintiff is not entitled to an award of fees and costs under the EAJA. (Doc. 15).

It is appropriate at this point to briefly review the history of this matter.

On June 12, 2008, Plaintiff filed her Complaint pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision denying her application for Social Security Disability Benefits (SSD). (Doc. 1). After the parties briefed the matter, (Doc. 6, 8, 9), on March 25, 2009, I issued a Report and Recommendations recommending that the Commissioner's decision that Plaintiff was not disabled and therefore not entitled to benefits under the Act be reversed and that the matter be remanded for further administrative proceedings. (Doc. 10). In doing so, I essentially determined that the Commissioner had erred by finding that Plaintiff was able to perform a range of light work. *Id.* I noted that the only evidence which supported a finding that Plaintiff was capable of performing a range of light work were the opinions of the non-treating, non-examining reviewing physicians. *Id.* However, I also noted that the evidence arguably supported a finding that Plaintiff was capable of performing a range of sedentary work and recommended that the matter be remanded for further proceedings. *Id.*

The Commissioner did not file Objections to my Report and Recommendations. Indeed, in adopting that Report, District Judge Rose specifically noted that the Commissioner had failed to file Objections. (Doc. 11).

With these facts in mind, I conclude that the Commissioner's position in this litigation was not substantially justified. As noted in my March, 2009, Report, the only evidence which supported the Commissioner's finding that Plaintiff was capable of performing a range of light work were the opinions of the non-treating, non-examining reviewing physicians. In contrast, Plaintiff's treating physicians Drs. Henderson and Koren, examining physician Dr. Sheridan, and the medical advisor all essentially opined that Plaintiff is capable of performing, at best, a range of sedentary work. (Doc. 10 at11). Finally, I note that the Commissioner did not file any Objections to my March, 2009, Report.

Turning to the reasonableness of Plaintiff's requested fees and costs, I note that 16.50 hours billed at $172.50, the EAJA hourly fee adjusted for the cost-of-living, results in a total fee award of $2,846.25, more than fee and costs award of $2,640.00 which Plaintiff seeks. Accordingly, I conclude that Plaintiff's requested fee award is reasonable. Additionally, Plaintiff is entitled to recover the $350.00 in costs which she seeks.

It is therefore recommended that Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 in the amount of $2,640.00 plus costs in the amount of $350.00, (Doc. 14), be granted for a total award of $2,990.00 be granted.
June 10, 2009.

*s/ Michael R. Merz*
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (c), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).